

FILED
10-24-2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN HUNTER, | ) |
|  | ) |
|    Petitioner, | ) |
|  | ) |
| v. | )   Civil Action No. 1:22-cv-02545 (UNA) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
|    Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), his *pro se* petition for post-conviction relief, ECF No. 1. For the reasons explained below, the IFP application will be granted and his petition will be dismissed without prejudice.

Petitioner is a state prisoner in the custody of the North Carolina Department of Public Safety. He sues the United States, and though the petition is far from a model of clarity, he seemingly challenges the constitutionality of a conviction and sentence rendered by the Superior Court of the District of Columbia. As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals. *See id*.

Furthermore, unlike prisoners convicted in state courts or in a federal District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v.*

*Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Here, petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief as to his conviction and sentence in D.C. Superior Court.

For all of these reasons, this action will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 24, 2022

_____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge